**FOR PUBLICATION**

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS & ST. JOHN**

| | | |
|---|---|---|
| **DAVID MONOSON,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil No. 1998-46** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**ATTORNEYS:**

**Desmond L. Maynard, Esq.**
St. Thomas, U.S.V.I.
*For the Plaintiff,*

**Shawn E. Hahnfeld, Esq.**
St. Thomas, U.S.V.I.
*For the Plaintiff,*

**Joycelyn Hewlett, AUSA**
St. Thomas, U.S.V.I.
*For the Defendant.*

## ORDER

**GÓMEZ, C.J.**

Before the Court is the motion of the plaintiff, David Monoson ("Monoson") for an award of costs expended in the litigation of the above-captioned matter.

On February 23, 1991, Monoson was injured in an accident involving his motorcycle and a vehicle driven by a government employee. The accident occurred near the Paul M. Pearson Gardens ("P.M.P.") public housing project on St. Thomas, United States Virgin Islands. On March 3, 1998, Monoson filed this action against the Government, alleging negligence under the Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA").

Following a bench trial conducted in February, 20006, this Court found the Government to be 67% liable for the accident, and found Monoson to be 33% at fault. On December 21, 2006, the Court awarded Monoson $511,899.39 in total damages, with $11,899.39 for medical bills and lost wages and $500,000 for pain and suffering. After adjusting the total figure based on Monoson's pro rata share of liability, Monoson recovered damages in the amount of $342,972.59, approximately $335,000 of which represented his pain and suffering award. Thereafter, Monoson filed a motion for an award of costs expended in this litigation.

The government appealed the December 21, 2006, Judgment. The Judgment was affirmed by the United States Court of Appeals for the Third Circuit. Now, Monoson renews his motion for an award of $5,005.64 in costs.

Pursuant to Federal Rule of Civil Procedure 54(d)(1) ("Rule 54(d)(1)"), "[u]nless a federal statute, these rules, or a court

order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law.” Fed. R. Civ. P. 54(d)(1) (2007). The decision to tax costs in favor of the prevailing party under Rule 54(d) rests within the sound discretion of the Court. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). “Rule 54(d) is fully applicable to the District Court of the Virgin Islands.” *Dr. Bernard Heller Foundation v. Lee*, 847 F.2d 83, 86 (3d Cir. 1988); *see also* 48 U.S.C. § 1614(b) (“Where appropriate, . . . the rules of practice heretofore or hereafter promulgated and made effective by the Congress or the Supreme Court of the United States pursuant to Title[] . . . 28 shall apply to the district court . . . .”).

Pursuant to 28 U.S.C. § 2412 (“Section 2412"),

> a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States . . . in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

28 U.S.C. § 2412 (1998); *see also Godwin v. Schramm*, 731 F.2d 153, 162 (3d Cir. 1984) (applying Section 2412 to an action

brought against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80 (the "FTCA").

According to the plain language of Section 2412(a), the costs recoverable against the United States are limited to those listed in 28 U.S.C. § 1920 ("Section 1920"). *See Pearlstine v. United States*, 649 F.2d 194, 198 (3d Cir. 1981) ("[Section] 2412 provides for the recovery of costs against the United States in conformity with [Section] 1920."). As such, the Court finds that it has the authority to tax costs against the federal government pursuant to Section 2412, but only such costs as are listed in Section 1920. *See, e.g., Kuykendall*, 466 F.3d at 1154 (holding that sovereign immunity bars the award of costs under Section 2412 that are not specifically enumerated in Section 1920).

Section 1920 provides that

> [a] judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;

> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920 (1978).

Here, the total figure of $5005.64 presented by Monoson includes various types of costs expended in connection with the litigation of this matter. The Court finds that some of the costs claimed by Monoson may be recovered pursuant to Section 1920. However, the Court also finds that several costs items are not recoverable.

For instance, Monoson seeks to recover the filing fees paid to the Clerk of this Court, as well as to the clerk of the court for the United States Court of Appeals for the Third Circuit. Those filing fees are recoverable under Section 1920. *See* 28 U.S.C. § 1920(1); *see also Eaves v. County of Cape May,* 239 F.3d 527, 528 (3d Cir. 2001); *Chen v. Slattery*, 842 F. Supp. 597, 600 (D.D.C. 1994) ("Plaintiff's filing fee ($120.00) is recoverable under 28 U.S.C. § 1920.").

Monoson also seeks reimbursement for the fees paid for transcripts of the traffic court proceeding and bench trial before this Court. Those transcripts were used either during Monoson's trial, or in preparing his findings of fact and

conclusions of law for submission with the Court. Accordingly, the costs of such transcripts are taxable against the United States in this matter. *See* 28 U.S.C. § 1920(2); *see also, e.g., Walker v. Robbins Hose Fire Co. No. 1, Inc.*, 622 F.2d 692, 695 (3d Cir. 1980) ("[T]he Court will tax $63.00 of the costs of transcripts under [Section] 1920(2) which the Court finds were "necessarily obtained for use in the case.").

Similarly, Monoson requests recovery of costs for the original and one copy of the deposition transcript of his medical expert witness. "The general rule regarding deposition costs is that that they are recoverable if the taking of the depositions is found to have been reasonably necessary at the time of taking, and that said recovery is within the sound discretion of the court." *Harrisburg Coalition Against Ruining the Environment v. Volpe*, 65 F.R.D. 608 (M.D. Pa. 1974). The Court finds that the deposition of Monoson's medical expert witness was reasonably necessary for his personal injury claims, and was obtained for and used in this case. As such, the cost of the original deposition transcript may be assessed in favor of Monoson. *See, e.g., Hugney v. Consolidation Coal Co.*, 59 F.R.D. 258, 259 (W.D.Pa. 1973) ("The cost of the transcript of the deposition of the plaintiff, taken by the defendant, is lawfully taxable."). "However, the cost of an extra copy of the transcript, made for

the convenience of the defendant, should not be taxed." *Id*. The Court will therefore reduce the award for the deposition transcript accordingly.

Additionally, Monoson seeks an award of costs incurred reproducing photographs for use during trial, and obtaining Monoson's medical records. Because these items were reasonably necessary to Monoson's case, they are taxable under Section 1920. *See* 28 U.S.C. § 1920(4); *see also, e.g., Zotos v. Lindbergh School Dist.*, 121 F.3d 356, 364 (8th Cir. 1997) ("We also find no abuse of discretion in the district court's award of costs incurred in 1994 for copying [the plaintiff's] medical records."); *Cleveland v. North American Van Lines, Inc*., 154 F.R.D. 37 (N.D.N.Y. 1994) ("[P]revailing plaintiffs were entitled to recover $636.06 for photographic exhibits prepared for use at trial . . . .").

Although Monoson requests reimbursement for $1,400 in fees paid to his medical expert witness in connection with taking a deposition, that amount recoverable for witness fees is limited by the provisions of 28 U.S.C. § 1821 to $40.00 per day. *See* 28 U.S.C. § 1821(a)(1), (b) (imposing a $40 per day cap on fees required to be paid to witnesses); *see also Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987) ("The logical conclusion from the language and

interrelation of these provisions is that § 1821 specifies the amount of the fee that must be tendered to a witness" under Section 1920); *Morrison v. Reichhold Chemicals, Inc*., 97 F.3d 460, 463 (11th Cir. 1996) ("A witness who appears before a federal court or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States is entitled to fees and allowances, including an attendance fee of $40 per day for each day's attendance." (internal quotations omitted)). Therefore, any fee paid to the medical expert witness in connection with his deposition in excess of $40 may not be recovered as a cost. *See, e.g.*, *Morrison*, 97 F.3d at 460 (holding that "the district court erred in taxing as costs any amount for expert witness fees in excess of the $40 per day allowed under § 1821"); *Harrisburg Coalition Against Ruining the Environment v. Volpe*, 65 F.R.D. 608 (M.D. Pa. 1974) ("[P]laintiffs' bill of costs is disallowed to the extent that it seeks payment of expert fees in excess of the statutory amount for witnesses.").

Finally, Monoson seeks to recover costs associated with effecting service of process, as well as travel expenses (including transportation and room and board) incurred by Monoson's counsel in connection with traveling to Maryland to conduct a deposition. However, costs expended in serving process

are not recoverable under Section 1920. *See Chen v. Slattery*, 842 F. Supp. 597, 600 (D.D.C. 1994) ("[P]laintiff may not recover the cost of service."). Attorney travel expenses are also not taxable under Section 1920. *See Hohensee v. Basalyga*, 50 F.R.D. 230 (M.D. Pa. 1969), *aff'd*, 429 F.2d 982 (3d. Cir. 1969) ("Travel and subsistence expenses, particularly for counsel, need not be taxed as costs."); *Calderon v. Witvoet*, 112 F.3d 275, 276 (7th Cir. 1997) ("[O]utlays for travel and related expenses by attorneys and paralegals . . . . are not listed in [Section] 1920 and therefore may not be reimbursed as costs."); *Attrezzi, LLC v. Maytag Corp*., 436 F.3d 32, 43 (1st Cir. 2006) ("[E]xpenses for items such as attorney travel and computer research are not deemed 'costs' within the meaning of the federal statute that provides for recovery of costs by a prevailing party."); *Photo Data, Inc. v. Sawyer*, 533 F. Supp. 348 (D.C.D.C. 1982) ("[O]vertime meals, car, local transportation and miscellaneous costs were not recoverable under [Section 1920]."); *Chemical Bank v. Kimmel*, 68 F.R.D. 679 (D. D el.1975) ("In the absence of specific statutory authority or a showing of bad faith or unfairness on part of opposing party, defendant as prevailing party was not entitled to taxation of costs for travel expenses of attorney to take deposition."). Monoson's award of costs will

be further reduced by the cost for service of process and the amount of the travel expenses incurred by his counsel.

The Court finds that $2695.92 of the costs requested is unreasonable and must be deducted from the reimbursement of Monoson. Accordingly, it is hereby

**ORDERED** that the United States shall reimburse Monoson for litigation costs in the amount of $2309.72; and it is further

**ORDERED** that all pending motions are denied without prejudice; and it is further

**ORDERED** that the Clerk of the Court shall close this matter.

**S_______________________________**
**Curtis V. Gómez**
**Chief Judge**

Copies to:

Timothy J. Abraham, AUSA
Desmond L. Maynard, Esq.
Shawn E. Maynard-Hahnfeld, Esq.
Bailey Figler, Esq.